# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF FLORIDA
# ORLANDO DIVISION

**LEE MARK FAIRCLOTH,**

      **Plaintiff,**

v.                                                       **Case No: 6:21-cv-782-EJK**

**COMMISSIONER OF SOCIAL SECURITY,**

      **Defendant.**

## ORDER[1]

This cause comes before the Court on Plaintiff's appeal of an administrative decision denying his application for Disability Insurance Benefits ("DIBs"), alleging June 20, 2018, as the disability onset date. (Doc. 26 at 1.) In a decision dated October 22, 2020, the Administrative Law Judge (the "ALJ") found that Plaintiff was not disabled. (Tr. 14–23.) Plaintiff has exhausted the available administrative remedies and the case is properly before the Court. The undersigned has reviewed the record, the joint memorandum (Doc. 26), and the applicable law. For the reasons stated herein, the Court affirms the Commissioner's decision.

---

[1] On October 15, 2021, both parties consented to the exercise of jurisdiction by a magistrate judge. (Doc. 17.) Accordingly, the case was referred by an Order of Reference on January 20, 2022. (Doc. 24.)

I. **ISSUES ON APPEAL**

Plaintiff raises the following issues on appeal:

1. Whether the ALJ properly accounted for Plaintiff's mental impairments in the residual functional capacity ("RFC") finding.

2. Whether the ALJ evaluated the medical opinion evidence and prior administrative findings consistent with the regulations and Eleventh Circuit precedent.

3. Whether the ALJ's credibility assessment was adequate.

(*See* Doc. 26.)

II. **STANDARD OF REVIEW**

The Eleventh Circuit has stated:

> In Social Security appeals, we must determine whether the Commissioner's decision is supported by substantial evidence and based on proper legal standards. Substantial evidence is more than a scintilla and is such relevant evidence as a reasonable person would accept as adequate to support a conclusion. We may not decide the facts anew, reweigh the evidence, or substitute our judgment for that of the [Commissioner].

*Winschel v. Comm'r of Soc. Sec.*, 631 F.3d 1176, 1178 (11th Cir. 2011) (citations and quotations omitted). "With respect to the Commissioner's legal conclusions, however, our review is *de novo*." *Lewis v. Barnhart*, 285 F.3d 1329, 1330 (11th Cir. 2002).

III. **ANALYSIS**

    **A. Issue One: Whether the ALJ properly accounted for Plaintiff's mental impairments in the RFC finding.**

Plaintiff argues the ALJ erred in determining that Plaintiff has the RFC to perform light work with some additional exertional limitations because the ALJ did

2

not properly account for all of Plaintiff's limitations. (Doc. 26 at 15.) Specifically, Plaintiff argues that the RFC finding failed to include mental limitations even though the ALJ had identified mild mental limitations in the psychiatric review technique ("PRT") criteria at an earlier stage of the sequential evaluation process. (*Id.* at 16–18.) Plaintiff also contends that the very presence of mild mental limitations from the PRT criteria and the omission of these mental limitations in the RFC finding constitute a plain error that is not harmless. (*Id.* at 17.) Further, Plaintiff argues that the ALJ erred by failing to address Plaintiff's mild mental limitations when discussing the RFC assessment. (*Id.* at 18.) Although Defendant agrees that the ALJ identified mild limitations in mental function in the PRT criteria, Defendant asserts that "[f]indings of mild limitations in the PRT criteria do not require the ALJ to include any mental limitations in the RFC assessment." (Doc. 26 at 20) (emphasis removed). Thus, Defendant contends that "Plaintiff failed to meet his burden to prove that his mental impairment was severe or that it caused any mental work-related limitations at all." (*Id.* at 21.)

The undersigned is not persuaded by Plaintiff's argument that the RFC finding is in error for failing to include mental limitations. Notably, an ALJ is not required to include mental limitations in the RFC finding merely because he identified mild mental limitations in the PRT criteria. *See Williams v. Soc. Sec. Admin.*, 661 F. App'x 977, 979–80 (11th Cir. 2016) (per curiam) (concluding ALJ did not err in his decision to omit claimant's depression from the RFC because ALJ had taken this condition into account and, at an earlier step, "found that Williams had only 'mild' limitations based

on this impairment."); *Sprague v. Colvin*, No. 8:13-cv-576-T-TGW, 2014 U.S. Dist. LEXIS 79086, at *17 (M.D. Fla. June 9, 2014) (concluding RFC was supported by substantial evidence even though ALJ had found mild limitations in "social functioning[] … concentration, persistence, or pace[]" in the PRT criteria because non-severe limitations are not expected to interfere with the ability to work); *Eutsay v. Kijakazi*, No. 21-21164-CV-BLOOM /OTAZO-REYES, 2022 U.S. Dist. LEXIS 91580, at *24–25 (S.D. Fla. May 4, 2022) (concluding ALJ was not obligated to include mental limitations in the RFC determination despite finding mild mental limitations in all four broad functional areas in the PRT criteria, since those limitations were non-severe).

Nor does the undersigned find persuasive Plaintiff's assertion that the ALJ failed to address Plaintiff's mental limitations in the RFC analysis. In his decision, the ALJ specifically stated that the "residual functional capacity assessment reflects the degree of limitation the undersigned has found in the 'paragraph B' mental function analysis[,]" which the ALJ had previously identified as including mild limitations in social interactions and in the ability to concentrate, persist, or maintain pace. (Tr. 17–18.) Additionally, when discussing the RFC assessment, the ALJ stated that he had "considered all symptoms and the extent to which these symptoms can reasonably be accepted as consistent with the objective medical evidence and other evidence . . . ." (Tr. 18); *cf. Medwit v. Comm'r of Soc. Sec.,* No. 2:20-cv-143-FtM-JLB-NPM, 2021 WL 1341390, at *4 (M.D. Fla. Feb. 22, 2021), *report and recommendation adopted*, No. 2:20-cv-143-FtM-JLB-NPM, 2021 WL 1138179 (M.D. Fla. Mar. 25, 2021) (concluding that

4

the ALJ had considered the claimant's mental limitations in the RFC assessment where the ALJ had stated he considered "all symptoms and the extent to which these symptoms can reasonably be accepted as consistent with the objective medical evidence and other evidence.").

Here, the ALJ addressed Plaintiff's mild mental limitations in even greater depth by referencing Plaintiff's limitation in social interactions when making the RFC assessment. (*See* Tr. 21 ("Dr Choisser also noted that [Plaintiff] suffers from anxiety and depression, [and] he is capable of only low stress occupations. . . .").) Moreover, in explaining how he determined Plaintiff's RFC, the ALJ noted that he considered the findings of several state agency consulting physicians regarding Plaintiff's mental health. (*See* Tr. 22.) Thus, the Court finds that the ALJ properly considered Plaintiff's mental limitations in the RFC finding.

> **B. Issue Two: Whether the ALJ evaluated the medical opinion evidence and prior administrative findings consistent with the regulations and Eleventh Circuit precedent.**

Plaintiff contends that the RFC finding is inconsistent with the opinion of the consultative evaluator, Dr. Foy. (Doc. 26 at 24–27.) Plaintiff also argues that the ALJ erred in finding the opinions of Plaintiff's treating physician, Dr. Choisser, unpersuasive. (*Id.* at 25, 28.) Specifically, Plaintiff states the ALJ omitted limitations from the RFC finding that Dr. Choisser had identified in his opinions, and as such, the RFC finding is deficient. (*Id.* at 24.) Defendant, by contrast, asserts that "[t]he ALJ properly considered the medical opinion evidence in assessing Plaintiff's RFC." (*Id.* at 29.) Defendant first argues that the ALJ's RFC finding is not inconsistent with the

5

opinion of the consultative evaluator, Dr. Foy, and next asserts that the ALJ did not err in finding Dr. Choisser's opinions not persuasive because they were inconsistent with his own treatment notes and the other opinions of record. (*Id.* at 29–31.)

Under the revised regulations, the Commissioner no longer "defer[s] or give[s] any specific evidentiary weight, including controlling weight, to any medical opinion(s) or prior administrative medical finding(s), including those from [] medical sources." 20 C.F.R. §§ 404.1520c(a), 416.920c(a). Rather, the Commissioner must "consider" the "persuasiveness" of all medical opinions and prior administrative medical findings. *Id.* To that end, the Commissioner considers five factors: 1) supportability; 2) consistency; 3) relationship with the claimant; 4) specialization and 5) other factors "that tend to support or contradict a medical opinion or prior administrative medical finding." *Id.* §§ 404.1520c(c); 416.920c(c).

The most important of these factors are supportability and consistency, and the ALJ must explain the consideration of those two factors. *Id.* §§ 404.1520c(a), (b)(2); 416.920c(a), (b)(2). The ALJ may, but is not required to, explain how he or she considered the other factors (i.e., relationship with claimant, specialization, and "other factors"). *Id.* §§ 404.1520c(b)(2); 416.920c(b)(2). In assessing the supportability and consistency of a medical opinion, the regulations provide that the ALJ need only explain the consideration of these factors on a source-by-source basis—the regulations themselves do not require the ALJ to explain the consideration of each opinion from the same source. *Id.* §§ 404.1520c(b)(1); 416.920c(b)(1). In sum, the ALJ's analysis is directed to whether the medical source's opinion is supported by the source's own

6

records and consistent with the other evidence of record. *See* §§ 404.1520(c)(c)(1), (c)(2).

The Court is not persuaded by Plaintiff's assertion that the ALJ's RFC finding is inconsistent with opinion of Dr. Foy. The ALJ concluded:

> [Plaintiff] has the residual functional capacity to perform light work as defined in 20 CFR 404.1567(b) except standing/walking for only 4 hours in an 8-hour workday; occasional climbing of ramps and stairs, but no climbing ladders, ropes, or scaffolds; occasional balancing, stooping, kneeling, crouching, and crawling; and the need to avoid concentrated exposure to fumes, odors, dusts, gases, and poor ventilation, as well as even moderate exposure to hazards (i.e. machinery, heights, etc.).

(Tr. 18.)

Plaintiff specifically claims that the RFC finding is inconsistent with Dr. Foy's conclusion that Plaintiff was generally "limited from physical activity given appreciated weakness in his right arm and leg and angina symptoms." (Doc. 26 at 24); (Tr. 714). Yet Dr. Foy did not conclude that Plaintiff would be unable to perform any type of work on a regular basis, and this statement alone does not contradict a finding that Plaintiff could perform light work. Nor does the statement contradict the ALJ's conclusion that Plaintiff could stand or walk for up to four 4 hours during an 8-hour workday. In fact, Dr. Foy rated Plaintiff's neuromuscular strength as being 4/5 or 5/5 (with a 5/5 rating being normal) in all extremities. (Tr. 711.) Thus, Plaintiff's argument that the RFC finding is inconsistent with Dr. Foy's opinion is unpersuasive.

Additionally, the Court does not find that the ALJ erred in his consideration of Dr. Choisser's opinions, since the ALJ adequately articulated how he considered the

7

supportability and consistency factors in explaining why he found the opinions not persuasive. With respect to supportability, the ALJ explained that Dr. Choisser's own records did not support the opinion, since his treatment notes "document minimal abnormalities during the applicable period (i.e. elevated blood pressure and reports of depression), for which he provided conservative care." (Tr. 21.) And although Plaintiff notes that the ALJ did not list every symptom from Dr. Choisser's opinion, an ALJ "need not address 'every piece of evidence in [his] decision[.]'" *Rodriguez v. Acting Comm'r of the SSA*, No. 20-14458, 2021 U.S. App. LEXIS 32348, at *10 (11th Cir. Oct. 29, 2021) (quoting *Dyer v. Barnhart*, 395 F.3d 1206, 1211 (11th Cir. 2005)). The Court will "not second guess the ALJ about the weight the treating physician's opinion deserves so long as he articulates a specific justification for it." *See id.* (quoting *Hunter v. Soc. Sec. Admin., Comm'r*, 808 F.3d 818, 823 (11th Cir. 2015)). Here, the ALJ articulated specific reasons for why he concluded that Dr. Choisser's opinions were not supported by his own records. Thus, the Court finds that the ALJ sufficiently explained how he considered the supportability factor in finding Dr. Choisser's opinions unpersuasive.

As to the consistency factor, the ALJ determined that Dr. Choisser's opinions were inconsistent with the other record evidence. (Tr. 21.) The ALJ explained that, despite Dr. Choisser's conclusion that Plaintiff was unable to perform any work on a regular basis, "testing performed by the claimant's other providers and examiners consistently found normal findings." (*See id.*) Additionally, the ALJ specifically listed more than ten different findings from those providers and examiners that were not

consistent with Dr. Choisser's opinions, including: intact attention and concentration, no difficulty getting on and off exam tables, no difficulty with squatting and raising motions, and full and functional body strength. (*See id.*) Regarding Dr. Choisser's conclusion that Plaintiff could work only in low-stress occupations, the ALJ indicated that this conclusion was inconsistent with the findings of several state agency consulting physicians, all of whom found that Plaintiff's "mental health is nonsevere[.]" (Tr. 22.) Given the ALJ's discussion of Dr. Choisser's findings, as well as the testing and diagnoses from other providers and examiners, the Court is also not persuaded by Plaintiff's assertion that the ALJ "cherry-pick[ed] facts that support a finding of non-disability . . . ." (*See* Doc. 26 at 28.) The ALJ properly evaluated the medical opinion evidence and supported his decision with substantial evidence; thus, the Court declines to disturb his decision on review.

### C. Issue Three: Whether the ALJ's credibility assessment was adequate.

Plaintiff claims that the ALJ's credibility assessment is "generally defective[,]" based on the alleged errors Plaintiff identified in issues one and two of the joint memorandum. (Doc. 26 at 33.) According to Plaintiff, the credibility assessment is also in error because the ALJ did not consider Plaintiff's "strong work history." (*Id.* at 33–35.) Plaintiff supports this assertion by pointing out that the ALJ did not expressly articulate how he considered Plaintiff's work history in the credibility assessment. (*Id.* at 35.) Defendant responds that although a claimant's work history is a factor an ALJ must consider in assessing subjective complaints, an ALJ is not required to specifically articulate how he considered this factor. (*Id.* at 37.) Defendant argues that Plaintiff has

not shown the ALJ failed to consider Plaintiff's work history and thus the ALJ's assessment of Plaintiff's subjective complaints is not in error. (*Id.* at 39.)

Social Security Ruling ("SSR") 16-3p and 20 C.F.R. § 416.929(c) provide guidance as to how an ALJ is to evaluate the subjective complaints of a claimant. SSR 16-3p provides that the "subjective symptom evaluation is not an examination of an individual's character," but instead a two-step evaluation of the evidence at hand. SSR 16-3p, 2017 WL 5180304, at *2–3 (Oct. 25, 2017). First, the ALJ "determine[s] whether the individual has a medically determinable impairment . . . that could reasonably be expected to produce the individual's alleged symptoms." *Id.* at *3. Then, the ALJ "evaluate[s] the intensity and persistence of an individual's symptoms . . . and determine[s] the extent to which an individual's symptoms limit his or her ability to perform work-related activities." *Id.* at *4. In evaluating intensity and persistence, the ALJ must consider the claimant's medical history, the medical signs and laboratory findings, statements from his medical source's, his prior work history, and any statements about how his symptoms affect him. § 404.1529(a), (c). While an ALJ may reject testimony about subjective complaints, that rejection must be based on substantial evidence. *Marbury v. Sullivan*, 957 F.2d 837, 839 (11th Cir. 1992).

As to Plaintiff's arguments, Plaintiff admits that the alleged errors he asserts in issues one and two of the joint memorandum are the sole basis for claiming the credibility assessment is "generally defective[.]" (*See* Doc. 26 at 33–34.) Because the undersigned has found that the ALJ did not commit those alleged errors, Plaintiff's first argument as to the credibility assessment is moot.

Plaintiff also contends that the credibility assessment is in error because the ALJ failed to consider Plaintiff's work history (Doc. 26 at 24.) Yet this assertion ignores the fact that the ALJ specifically discussed Plaintiff's "past relevant work[,]" in the decision. (Tr. 23.) In particular, the ALJ referenced Plaintiff's experience as a mortgage lender professor, legal reviewer, marketing representative, and vehicle salesperson. (*See id.*) Additionally, the ALJ concluded that Plaintiff was "[s]killed" in each of these occupations. (*See id.*) Thus, the ALJ clearly considered Plaintiff's work history. *Cf. Lafond v. Comm'r of Soc. Sec.*, No. 6:14-cv-1001-Orl-DAB, 2015 U.S. Dist. LEXIS 86611, at *26 (M.D. Fla. July 2, 2015) (concluding that the ALJ erred in the credibility assessment of a claimant where the ALJ did not "consider *or* discuss" Plaintiff's prior work history) (emphasis added).[2]

Moreover, contrary to Plaintiff's assertion, an ALJ is not required to specifically articulate how he considered this factor. *See Dyer*, 395 F.3d at 1211 ("In all events, there is no rigid requirement that the ALJ specifically refer to every piece of evidence in his decision."); *see also Mahon v. Comm'r of Soc. Sec.*, No. 8:16-cv-1462-T-JSS, 2017 WL 3381714, at *29 (M.D. Fla. Aug. 7, 2017) (concluding that the ALJ was not required to expressly articulate how he considered the claimant's work history in the credibility assessment of Plaintiff's self-described symptoms) (citation omitted); *Musgrove v. Colvin*, No. 3:15-cv-30-J-34JRK, 2016 U.S. Dist. LEXIS 41189, at *13

---

[2] In *Lafond*, the Court remanded the case and ordered the ALJ to "consider" Plaintiff's work history but did not state that the ALJ needed to expressly articulate how he considered this factor. *Lafond*, 2015 U.S. Dist. LEXIS 86611 at *27.

11

(M.D. Fla. Jan. 21, 2016) ("[A]lthough the ALJ did not discuss Plaintiff's work history specifically in relation to his credibility finding, he considered her work history in his overall determination that Plaintiff is not disabled" and was thus not in error.). Therefore, given that the ALJ provided several references to Plaintiff's work history and was not required to articulate how he considered this factor, the undersigned finds that substantial evidence supports the ALJ's decision.

### IV. CONCLUSION

Upon consideration of the foregoing, it is **ORDERED** and **ADJUDGED** that:

1. The Commissioner's final decision in this case is **AFFIRMED**.
2. The Clerk of Court is **DIRECTED** to enter judgment in favor of Defendant and **CLOSE** the file.

**DONE** and **ORDERED** in Orlando, Florida on July 22, 2022.

_____
EMBRY J. KIDD
UNITED STATES MAGISTRATE JUDGE